# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY NELSON et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A., ) <br> ) <br> Defendant. ) <br> ) | 3:13-cv-00036-RCJ-WGC <br><br> **ORDER** |

This is a declaratory judgment action concerning a residential mortgage. Pending before the Court is a Motion to Dismiss (ECF No. 6). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

In February, 2003, Plaintiffs Shirley and Ralph Nelson gave Defendant Bank of America, N.A. ("BOA") a promissory note as a home equity line of credit. (Compl. ¶ 6, Jan. 2, 2013, ECF No. 1-3).[1] Because of the real estate crash, there is no equity in the subject property, making the second mortgage "unsecured." (*See id.* ¶ 7). Plaintiffs sued Defendant in state court for declaratory judgment and quiet title to the effect that the second mortgage is either totally unsecured or only 10% secured, and that Plaintiffs may remove the second mortgage as an

---

[1] The exhibit adduced, however, appears to be a first mortgage for $206,050.

encumbrance against the property. Defendant removed and has moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

1  whose contents are alleged in a complaint and whose authenticity no party questions, but which
2  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
3  motion to dismiss" without converting the motion to dismiss into a motion for summary
4  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
5  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
6  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
7  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
8  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
9  2001).

10  **III.    ANALYSIS**

11       The Court grants the motion.  There is no state or federal cause of action to strip a
12  security interest from a debt because of a loss of equity in the collateral.  Counsel cites no legal
13  authority supporting the present claims.

14                                **CONCLUSION**

15       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

16       IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

17       IT IS SO ORDERED.

18  Dated this 26th day of April, 2013.

20                                          _____
                                            ROBERT C. JONES
21                                          United States District Judge